**M. NELSON ENMARK#032477**
**ATTORNEY AT LAW**
**3855 NORTH WEST AVENUE, SUITE 108**
**FRESNO, CA  93705**
**TELEPHONE:   (559) 907-4264**
**FACSIMILE:  (559) 243-7010**


**Attorney for Debtor(s)**


**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| In re: | ) | Case No.: | 2011-60072-B-13F |
|---|---|---|---|
| | ) | DCN: | MNE -5 |
| RICHARD GEORGE TOGNOTTI | ) | Date: | December 10, 2014 |
| JANICE LYNN TOGNOTTI | ) | Time: | 1:30 p.m. |
| Debtors, | ) | Loc.: | U.S. Courthouse |
| | ) | | Dept. B, Courtroom 12 |
| | ) | | 2500 Tulare St., 5th Floor |
| | ) | | Fresno, CA 93721 |
| _____) | ) | Judge: | Hon. W. Richard Lee |

**Motion to Confirm Debtor's Third Modified Chapter 13 Plan**
**[11 U.S.C. §1322, 1325; FRBP 2002(b); LBR 9014-(f)(1)]**


**Third Modified Plan**

This is a motion to confirm the Debtor's Third Modified Chapter 13 Plan.  The Debtor contends that the plan satisfies the confirmation requirements of Sections 1322 and 1325 of the Bankruptcy Code and should be confirmed.

**Description of Modification**

This modification seeks to change the monthly payment by the Debtors from the current $3,600.00 per month to $2,653.00per month in light of the Debtors loosing, as of January of 2015, income from the Debtor's adopted son, Michael, in the amount of $2,941.00.  The plan seeks to reduce

1

the payment to $2,653.00. The amount payable to the unsecured under the second modified plan was 13% and the current plan is reducing it to 3% this due to the approximate amount having being already paid to the unsecured.

**Memorandum of Points and Authorities**

**I.     Because this case was filed subsequent to October 17, 2005, plan confirmation is governed by General Order 05-03 & LBR enacted 5/1/2012.**

This case was filed subsequent to October 17, 2005, and, therefore, is governed by General order 05-03. (general order 05-03, para.1(a)) and New LBK 5/1/2012.

**II.     When a Debtors wishing to confirm a Chapter 13 Plan must do so by noticed motion.**

LBR provides that Debtors shall confirm a plan by noticed motion in three different scenarios.

The first instance in which the Debtors must confirm a plan by motion is where the Chapter 13 trustee does not receive the plan from the Debtors prior to mailing the notice of Meeting of Creditors, and where the Debtors fail to serve the office of the United States Trustee, the Chapter 13 trustee, all creditors and other interested persons the proposed Chapter 13 Plan, as well as the "notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines," as required by the Local Bankruptcy Rules.

The second instance in which the Debtors must confirm a plan by motion is where the Debtors amend the chapter 13 plan prior to confirmation. ( Local Bankruptcy Rule 3015-1(d)(2))

**III.     The amount of notice required for a motion to confirm a Chapter 13 Plan.**

The amount of notice of such a motion that the Office of the United states Trustee, the Chapter 13 trustee, all creditors and other interested persons must receive, depends on whether the Debtors had previously confirmed a plan. If the Debtors have not previously confirmed a plan, the debtors must give 42 days notice. (Local Bankruptcy Rule 3015-1(d)(1)) If the Debtors had previously confirmed a plan, the Debtors need only give 35 days notice. (Local Bankruptcy Rule 3015-1(d)(2))

**IV.     The court should confirm a Chapter 13 Plan that complies with the provision of sections 1322(a)(2) and 1325 of Title 11 of the United States Code.**

The court shall grant a timely filed and served motion to confirm a Chapter 13 Plan, if it complies with the provisions of Bankruptcy Code sections 1322(a) and 1325(b). Summarized, those require the

2

following. First, the plan must provide for the submission of such portion of the Debtors' future earnings as it required to fund the plan. (11 U.S.C. §1322(a)(1))

Second, the plan must provide or the payment in full of all claims entitled to priority under Section 507 of Title 11. (11 U.S.C. §1233(a)(2)) Two notable exceptions exist. One such exemption is that of priority creditor who consents to an alternative treatment. (11 U.S.C. §1322(a)(2)) The other exception is for unsecured domestic support obligation claims assigned to the government. Those claims need both be paid in full by the plan, if the plan provides for payment of all the Debtors' projected disposable income for a 5- year period. (11 U.S.C. §1322(a)(4))

Third, if the plan classifies claims, it must provide the same treatment of each claim within a particular class. (11 U.S.C. §1322(a)(3))

Fourth, the plan complies with the provisions of Title 11 of the United States Code, including Chapter 13 thereof. (11 U.S.C. §1325(a)(1))

Fifth, the Debtors have paid the fees required by 28 U.S.C. §1911 or by the plan. (11 U.S.C. §1325(a)(2))

Sixth, the plan has been "proposed in good faith and not by any means forbidden by law." (11 U.S.C. §1325(a)(9))

Seventh, the plan satisfies the liquidation test. (11 U.S.C. §1325 (a)(4))

Eighth, each secured claim is treated in one of three ways. One alternative is that the secured creditor acquiesce in the plan, including the treatment of the secured claim. Another treatment of such a claim is that the plan may provide that the holder of the claim retain the lien until payment of the debt or discharge and provide for payment of the allowed amount of the claim in equal monthly payments. Finally, the plan may provide for the surrender of collateral. (11 U.S.C. §1325(a)(5))

Ninth, the plan is feasible. (11 U.S.C. §1325(a)(6))

Tenth, the Debtors' action of filing the petition was in good faith. (11 U.S.C. §1325(a)(7))

Eleventh, the Debtors have paid all required federal, state and local tax returns. (11 U.S.C. §1325(a)(9))

Thirteenth, if the trustee or the holder of an allowed unsecured claim objects, the plan provides for one of the two treatments of allowed unsecured claims. One acceptable treatment of such claims is

payment in full of such claims.  The other is that the plan provides that all of the Debtors' projected disposable income to be received in the applicable commitment period will be applied to make payments to unsecured creditors under the plan.  (11 U.S.C. §1325(b))

**Conclusion**

The Debtor contends that the Chapter 13 Plan filed herewith complies with Sections 1322(a) and 1325(a) and (b) and prays for confirmation.

Dated:  October 22, 2014                                   /s/ M. Nelson Enmark
                                                            M. Nelson Enmark
                                                            Attorney for Debtor